NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1146
_____

PRESTON ROBERT GRIMES,
                              Appellant

v.

SUPERINTENDENT GRATERFORD SCI; PA STATE ATTORNEY
PENNSYLVANIA;  YORK COUNTY DISTRICT ATTORNEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-13-cv-01122
District Judge: The Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 17, 2015

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*

(Filed: July 22, 2015)
_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

    Robert Grimes robbed a bank in October of 2010 by handing the teller a note that

said: "This isn't a f[- - -] game, count out 3500 in 20s, 50s and 100s, and know [sic] one

will get hurt."  Grimes entered a nolo contendere plea in the Court of Common Pleas of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

York County, Pennsylvania. He was later sentenced to a 10 to 20 year term of imprisonment. Grimes did not appeal. Two days after being sentenced, Grimes filed a pro se "Motion to Modify Sentence." The Clerk of Court sent the motion to Grimes's defense counsel. Throughout the window for filing a notice of appeal, no appeal was filed on Grimes's behalf. Five days after being sentenced, Grimes filed a pro se motion under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. The PCRA Motion challenged, *inter alia*, Grimes's sentence and alleged that his counsel had been ineffective in several respects, but the motion did not assert ineffectiveness by counsel in failing to perfect an appeal.

On July 6, 2011, while the thirty-day appeal period was still open, the Court of Common Pleas appointed counsel for Grimes to supplement the PCRA Motion. Appointed counsel informed the Court of Common Pleas that there was no merit to most of the issues Grimes listed as a basis for relief in his PCRA Motion and confirmed the nature of Grimes's sentencing challenge. Appointed counsel neither perfected an appeal for Grimes nor supplemented Grimes's PCRA Motion with an ineffective assistance of trial counsel (IAOTC) claim based on the failure to perfect an appeal. Thereafter, the Court of Common Pleas denied the PCRA Motion. Grimes's appeal was unsuccessful.

After four additional, unsuccessful PCRA petitions, Grimes filed a timely petition under 28 U.S.C. § 2254 challenging both his conviction and sentence. Grimes's petition asserted that he did not raise these challenges in a direct appeal because he "never was able to have a direct appeal due to ineffective counsel waiving my appellate rights." A third claim in the § 2254 petition alleged an IAOTC claim based on counsel's failure to file an

2

appeal.

The Magistrate Judge recommended denying the § 2254 petition. With regard to the IAOTC claim, the Magistrate Judge concluded that the claim was procedurally defaulted and that Grimes had not demonstrated the cause and prejudice necessary to excuse the default. The District Court adopted this recommendation. Neither the parties nor the Court considered the applicability of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which recognized a "narrow exception" to the *Coleman v. Thompson* rule that "an attorney's errors in a postconviction proceeding do not qualify as cause for a default." *Id.* at 1315 (discussing *Coleman v. Thompson*, 501 U.S. 722, 754-55 (1991)).[1] On reconsideration, the District Court rejected Grimes's contention that *Martinez* salvaged his claim.

Grimes filed a timely appeal.[2] We granted a certificate of appealability to address "whether the District Court erred in denying, without an evidentiary hearing, Grimes's claim that his counsel was ineffective for failing to perfect a direct appeal on his behalf." Our order cited *Martinez* and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *Flores-Ortega* sets forth the analysis courts should employ when a defendant, who "has not clearly

---

[1] Under this "narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

[2] The District Court had jurisdiction under 28 U.S.C. § 2254. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1).

conveyed his wish[]" to appeal, asserts that trial counsel was ineffective because she failed to file a notice of appeal. *Id.* at 477. The Supreme Court instructed that the analysis must determine "whether counsel in fact consulted with the defendant about an appeal," and if not, whether "counsel ha[d] a constitutionally imposed duty to consult with the defendant." *Id.* at 478, 480. Such a duty may arise, the Court held, if the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. *Flores-Ortega* instructs that the determination of whether there was a duty to consult requires consideration of "all relevant factors in a given case." *Id.* If a defendant demonstrates that counsel failed to consult with him as required by the United States Constitution, then he must also show prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

We begin our analysis by noting that the District Court correctly determined that Grimes procedurally defaulted his IAOTC claim. Here, the IAOTC claim is not only the basis on which Grimes seeks relief under § 2254, but is also an essential prong of the *Martinez* exception that Grimes must prove to overcome his claim's procedural default. The facts suggest that trial counsel did not consult with Grimes even though counsel had notice of Grimes's interest in an appeal. *See Commonwealth of Pa. v. Champney*, 783 A.2d 837, 841 (Pa. Super. Ct. 2001) (concluding that trial counsel had to be aware of defendant's desire to appeal after the clerk of court sent counsel the pro se filing entitled "Petition for Post Conviction Relief, Notice of Appeal"). Yet the record does not show whether: (1) Grimes instructed counsel to file a direct appeal; (2) Grimes's counsel consulted with him

4

before or after sentencing; (3) counsel actually received the pro se Motion to Modify Sentence forwarded by the Clerk of Court; or whether (4) counsel took any action if she in fact received the pro se Motion to Modify Sentence. Answers to these questions, as *Flores-Ortega* instructs, are necessary to determine if counsel had an obligation to file an appeal, and if he was prejudiced by counsel's failure to do so. It may be that Grimes can satisfy the first prong of the *Martinez* exception, i.e., by demonstrating that the underlying IAOTC claim "has some merit." 132 S. Ct. at 1318.

The second *Martinez* prong focuses on whether counsel in the initial-review collateral proceeding was ineffective, *id.*, thereby depriving Grimes of an opportunity to obtain the reinstatement of his direct appeal rights nunc pro tunc. While it appears that appointed counsel in the PCRA proceeding failed to preserve Grimes's IAOTC claim or to take any action to file a timely appeal, it is unclear whether these omissions constituted deficient performance and resulted in prejudice that may satisfy the second *Martinez* prong. *Id.* Accordingly, we conclude that an evidentiary hearing should have been conducted to enable the District Court to determine if Grimes can satisfy the *Martinez* prongs and establish the cause and prejudice necessary to excuse Grimes's procedural default of his IAOTC claim. *See Cristin v. Brennan*, 281 F.3d 404, 413 (3d Cir. 2002) (concluding that District Court's grant of an evidentiary hearing to the § 2254 petitioner, enabling him to establish cause for the procedural default of his substantive claims for relief, was not error as "the plain meaning of § 2254(e)(2)'s introductory language does not preclude federal hearings on excuses for procedural default at the state level").

Accordingly, we will vacate the judgment of the District Court to the extent that it

dismissed Grimes's IAOTC claim as procedurally defaulted and we will remand so that the District Court may conduct an evidentiary hearing, all consistent with the foregoing opinion.