COLE, Chief Judge,
concurring in part and dissenting in part.
As an initial matter, I concur with the majority in its conclusion that the district court clearly erred in dismissing Abdur’Rahman’s Rule 60(b) motion on the basis that Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), do not apply to cases arising in Tennessee. Maj. Op. at 713. Our decision in Sutton v. Carpenter, 745 F.3d 787 (6th Cir.2014), squarely determines this issue. As this is the only question before us, I would remand on that issue alone, without reaching the merits of Abdur’Rahman’s claims.
However, the majority goes on to consider the merits of Abdur’Rahman’s Rule 60(b) motion, including (1) whether that motion should be granted, (2) whether Ab-dur’Rahman’s claims qualify under the Martinez/Trevino exceptions, and (3) whether Abdur’Rahman could be successful on his claims. These issues are not properly before this court, nor were they actually presented to this court.[1] Because I disagree with the majority’s conclusions on each of these issues, I dissent.
I. Limited Issue on Appeal
In response to Abdur’Rahman’s initial habeas petition, the Warden “argue[d] that the Court should not reach the merits of several of [Abdur’Rahman’s] claims because [Abdur’Rahman] failed to raise those claims in state court, and has, therefore, procedurally defaulted those claims.” Abdur’Rahman v. Bell, 999 F.Supp. 1073, 1079 (M.D.Tenn.1998) aff'd in part, vacated in part on other grounds, 226 F.3d 696 (6th Cir.2000). In 2013, Abdur’Rahman filed a Rule 60(b) motion arguing that, in light of Martinez/Trevino, certain of his claims were no longer procedurally defaulted. The district court dismissed, finding that Abdur’Rahman’s. “request to reconsider his claims, under Rule 60 or otherwise, should be denied because the Martinez/Trevino decisions do not apply to reverse the findings of procedural default.” Rahman v. Carpenter, No. 3:96— 0380, 2013 WL 3865071, at *3 (M.D.Tenn. July 25, 2013). This decision was based solely on the fact that the district court did not believe Martinez and Trevino applied to the Tennessee courts:
Unlike defendants in Texas, defendants in Tennessee are not faced with a system in which it is “highly unlikely” they will have “a meaningful opportunity” to raise a claim of ineffective assistance of trial counsel during the direct appeal process. As the cases cited above indicate, procedural rules allow Tennessee defendants such a meaningful opportunity through the motion for new trial and evidentiary hearing mechanism. That most defendants choose to defer raising such a claim until the post-conviction process does not mean that raising the *718 claim on direct appeal is “virtually impossible” as was the case in Trevino.
Id. at *6. The district court did not consider the merits of Abdur’Rahman’s claims or even whether the particular claims asserted would be sufficient if Martinez/Trevino applied. See id. at *3-6. Neither should we decide these issues.
We may not conduct appellate review of an order unless there exists a “certificate of appealability [to] indicate which specific issue or issues satisfy” a “substantial showing of the denial of a constitutional ri^ht.” 28 U.S.C. § 2253(c)(2)-(3) (emphasis added). Our review is thus limited to that issue. While we may “affirm a district court’s ruling on any ground supported by the record,” we may not review issues hot properly before us on appeal. See, e.g., id.; 28 U.S.C. §§ 1291, 1331.
Here, the certificate of appealability is limited to “the issue of whether the Respondent’s procedural defenses to certain claims are still viable in light of the Supreme Court’s decisions in Martinez and Trevino.” (R. 377 (emphasis added).) Based on our decision in Sutton, the answer to this question is a simple “no.” Respondent cannot continue to assert the defense that Abdur’Rahman’s claims are proeedurally barred for failure to present them in state court. See Maj. Op. at 713 (citing Sutton, 745 F.3d at 795-96) (acknowledging “it is clear that the district court erred when it ruled that Martinez and Trevino did not apply to a case arising in Tennessee.”). . I would end our inquiry here and remand to the district court for further proceedings.
II. Whether Petitioner’s Rule 60(b) Motion Should Be Granted
We have previously held that “Martinez was a change in decisional law and does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief.” Maj. Op. at 713. However, Abdur’Rahman did not limit his motion to relief under subsection (6). (See Mot., R. 351, PagelD 383.) Instead, the district court should review Abdur’Rahman’s motion to determine whether it meets the requirements under any of the permissible grounds for relief. Fed.R.Civ.P. 60(b). For example, the court’s refusal to decide Abdur’Rahman’s claims on the merits, despite their procedural default, could be considered a “mistake” under Rule 60(b)(1). See Ab-dur’Rahman v. Bell, 493 F.3d 738, 741 (6th Cir.2007) (holding the motion was more appropriately analyzed under Rule 60(b)(1), because the district court made a mistake when it determined that Ab-dur’Rahman’s claim was not exhausted in state court) (opinion vacated by en banc).
Even if Abdur’Rahman’s motion did rest on subsection (6), “[t]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court’s conscience that justice be done in light of all the facts.” E.g., McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750 (6th Cir.2013) (citations omitted) (emphasis added); accord Order, R. 312, PageID 15 (6th Cir. Jan. 18, 2008) (finding Abdur’Rahman’s 2001 Rule 60(b) motion was timely and remanding to district court “for a determination of whether the motion should be granted.”) (Siler, J.). As we have previously held, this decision is best left in the hands of the district court.
III. Whether the Motion Raises Martinez/Trevino Claims
A. The District Court should determine this question
Similarly, the district court should determine, in the first instance, whether Ab- *719 dur’Rahman’s claims qualify under Martinez/Trevino. Notably, the two principal Supreme Court cases at issue were remanded to the district court. See Martinez, 132 S.Ct. at 1321, on remand, 680 F.3d 1160, 1160 (9th Cir.2012) (“The district court properly applied the law as it stood at the time of Martinez’s petition. However ... the Supreme Court changed the law. Therefore, the district court’s denial of Martinez’s petition for habeas corpus on the basis that his claim was procedurally defaulted is REVERSED, and the matter is REMANDED for proceedings consistent with the Supreme Court’s opinion.”); Trevino, 133 S.Ct. at 1921, on remand, 740 F.3d 378, 378 (5th Cir.2014) (“[W]e remand to the district court for full reconsideration of the Petitioner’s ineffective assistance of counsel claim in accordance with both Trevino and Martinez.”). These courts recognized that the district court is best suited to conduct an initial review of the merits of previously procedurally defaulted ineffective-assistance-of-trial and post-conviction counsel claims.
In a similar case, our court recognized that the district court is best suited to make these kinds of determinations under Martinez/ Trevino.
[Petitioner] maintains that, by granting a COA, we have already determined that [Petitioner’s] IATC claims are “substantial,” and therefore, we should remand with direction for the district court to determine solely whether prejudice exists so as to excuse his procedural default. ... We disagree. First, Sutton held that: “ineffective assistance of post-conviction counsel can” — but does not by the mere fact of being raised — “establish cause to excuse a Tennessee defendant’s procedural default of a substantial claim of ineffective assistance at trial.” 745 F.3d at 795-96 (emphasis added). Moreover, in Martinez, the Supreme Court remanded the case, directing the lower court to determine: (1) “whether [the petitioner’s] attorney in his first collateral proceeding was ineffective”; (2) whether his claim of IATC was “substantial”; and (3) whether the petitioner was prejudiced. 132 S.Ct. at 1321; Schriro, 2012 WL 5936566, at *1-2 (noting the requirements on remand). The Court in Trevino provided similar guidance, indicating: “we do not decide here whether Trevino’s claim of ineffective assistance of trial counsel is substantial or whether Trevino’s initial state habeas attorney was ineffective.” 133 S.Ct. at 1921. The Court left those issues and merit issues “to be determined on remand.” Id. We follow suit.
Atkins v. Holloway, 792 F.3d 654, 660-61 (6th Cir.2015) (Siler, J.). We reached a similar conclusion in- another case:
In Trevino itself, the district court had alternatively ruled that the IATC claims failed to demonstrate the necessary prejudice. This merits ruling did not deter the Supreme Court from using Trevino as a vehicle for promulgating an expansion of the procedural default exception created by Martinez. And on remand from the Supreme Court, the Fifth Circuit did not reaffirm the district court based on the alternative merits ruling, but instead remanded the whole matter back to the district court for “full reconsideration of the Petitioner’s ineffective assistance of counsel claim.” [Petitioner] has thus far been unable to obtain an evidentiary hearing on his IATC claims in either state post-conviction proceedings or federal habeas proceedings. This absence of factual development (which nullifies a key advantage of bringing such IATC claims in collateral proceedings) hamstrings this court’s ability to determine whether “there is a reasonable probability that, but' for *720 counsel’s unprofessional errors, the result of the proceeding would have been different.” We therefore remand this matter back to the district court for a “full reconsideration” of the four IATC claims that were not previously presented to the Kentucky courts in collateral proceedings and consideration of whether to conduct an evidentiary hearing. This reconsideration would first address whether [Petitioner] can demonstrate (1) the absence or ineffective assistance of his post-conviction counsel and (2) the “substantial” nature of his underlying IATC claims. If Woolbright can demonstrate these two elements and therefore establish cause to excuse his procedural default, the district court can then reconsider whether Woolbright can establish prejudice from the alleged ineffective assistance of trial counsel.
Woolbright v. Crews, 791 F.3d 628, 637 (6th Cir.2015) (Siler, J.). Likewise, other cases have recognized that the district court is best suited to determine, in the first instance, whether a petitioner has established cause to excuse a procedural default. See, e.g., Leberry v. Howerton, 583 Fed.Appx. 497, 498 (6th Cir.2014), as corrected (Nov. 6, 2014) (Cole, C.J.) (unpub.) (“[Petitioner] can establish cause, but the district court did not determine if [petitioner] could demonstrate prejudice to overcome his procedural default. Therefore, we reverse and remand this issue to the district court to consider whether [petitioner] can establish prejudice.”); Grimes v. Superintendent Graterford SCI, No. 14-1146, 619 Fed.Appx. 146, 149, 2015 WL 4461824, at *2 (3d Cir. July 22, 2015) (reversing district court’s dismissal of ineffective-assistance-of-trial-counsel claims as procedurally defaulted and remanding for an evidentiary hearing); Butler v. Stephens, No. 0970003, — Fed.Appx. -, -, 2015 WL 5235206, at *17 (5th Cir. Sept. 9, 2015) (“[W]e conclude that the trial court should, in the first instance, be allowed to apply Martinez in accordance with Trevino to determine whether [petitioner] can demonstrate cause for his procedural default and whether his claims have some merit under Martinez.”).
Further, the question at this stage should be limited to whether there is cause to excuse the procedural default of certain claims, not whether Abdur’Rahman can ultimately succeed on his claim that trial counsel was ineffective:
“Cause,” however, is not synonymous with “a ground for relief.” A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.
Martinez, 132 S.Ct. at 1320. Whether Ab-dur’Rahman can succeed on the merits of his claims is best left to the trial court in the first instance, in light of all relevant evidence. As we have done before, we should “remand[] the whole matter back to the district court for ‘full reconsideration of the Petitioner’s ineffective assistance of counsel claim.’ ” See Woolbright, 791 F.3d at 637.
B. Petitioner’s claims are Martinez/Trevino claims .
Having chosen not to remand, we must apply Martinez/Trevino to Abdur’Rah-man’s claims. In Martinez, the Supreme Court determined that “[[Inadequate assistance of counsel at initial-review-collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” Martinez, 132 S.Ct. at 1315. The Supreme Court distinguished between a habeas argument that solely relies on post-conviction counsel’s ineffectiveness versus a habeas argument that post-conviction counsel was inef *721 fective and defaulted a claim that trial counsel was ineffective:
In this case, for example, Martinez’s “ground for relief’ is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA does not bar. Martinez relies on the ineffectiveness of his post-conviction attorney to excuse his failure to comply with Arizona’s procedural rules, not as an independent basis for overturning his conviction. In short, while § 2254(i) precludes Martinez from relying on the ineffectiveness of his post-conviction attorney as a “ground for relief,” it does not stop Martinez from using it to establish “cause.”
Id. at 1320 (citing Holland v. Florida, 560 U.S. 631, 649-50, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (finding that post-conviction counsel’s “egregious” and “extraordinary” conduct that time-barred a prisoner’s habeas claims may equitably toll the statute of limitations for filing a petition for a writ of habeas corpus)).
In Trevino, the Supreme Court extended its Martinez holding to apply to states in which a defendant is permitted to raise claims of ineffective assistance of counsel on direct review, but the structure and design of the state system “make it ‘virtually impossible’ for an ineffective assistance claim to be presented on direct review.” Trevino, 133 S.Ct. at 1915.
Thus, to raise a claim for ineffective-assistance-of-trial-counsel in habeas proceedings under the exceptions set forth in Martinez/Trevino, a petitioner must allege that (1) trial counsel was ineffective; (2) counsel in the initial-review-collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); (3) the claim of ineffective-assistance-of-trial-counsel was procedurally defaulted; and (4) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit — not that the prisoner will ultimately prevail on his claim. See Martinez, 132 S.Ct. at 1318-19 (citations omitted). Here, Abdur’Rahman met these requirements.
1. Petitioner alleges trial counsel was ineffective
Abdur’Rahman argues that his trial counsel was ineffective in failing to address cumulative errors[2] and correct the accomplice jury instruction. (See Pet’r State *722 ment, R. 367, Page1D 520-23.) This is sufficient to meet the first prong of the Martinez/Trevino test.
2. Petitioner alleges post-conviction counsel was ineffective
Martinez does not apply to claims of ineffective assistance of appellate counsel. See Atkins, 792 F.3d at 661 (holding that ineffectiveness of post-conviction counsel could establish cause to reopen judgment, but ineffectiveness of post-conviction appellate counsel could not). However, as evidenced by the briefs in this court and in the filings below, Abdur’Rahman does not simply claim that his appellate counsel was ineffective — he claims that post-conviction counsel was ineffective in failing to assert that (1) trial counsel was ineffective and (2) direct appeal counsel was ineffective. The applicability of Martinez/Trevino to Abdur’Rahman’s motion is further augmented by the fact that Abdur’Rahman’s direct appeal counsel was the same as his post-conviction counsel. (See, e.g., Supplemental Auth., R. 353, Page1D 455.) Recognizing this, Abdur’Rahman interchangeably refers to appellate counsel’s and post-conviction counsel’s ineffectiveness as the basis for this motion. (See generally, id.; Mot., R. 351.) Thus, Abdur’Rahman’s arguments regarding “appellate counsel’s ineffectiveness” are one and the same with his arguments regarding “post-conviction counsel’s ineffectiveness.” These are the very types of claims to which Martinez and Trevino do apply. This is sufficient to meet the second prong of the Martinez/Trevino test.
3. Petitioner’s claims were procedurally defaulted
Abdur’Rahman alleges the claims in his present motion were procedurally defaulted because his ineffective post-conviction counsel failed to raise these issues. (Id.) Assuming the cumulative error claim is .a claim for ineffectiveness of trial counsel, it was clearly procedurally defaulted. This court noted
Because Abdur’Rahman raised these cumulative error'arguments for the first time on habeas review, we may not consider them here.... Under our own circuit’s precedent, however, cumulative error arguments must be raised separately in the state court and are subject to procedural default on habeas review. Abdur’Rahman failed to raise these cumulative error claims on direct appeal or during post-conviction relief in state court. Instead, he only raised a generalized cumulative error argument for the first time in his habeas petition. Because we are bound by this circuit’s prior precedents, Abdur’Rahman cannot raise either cumulative error argument here.
Abdur’Rahman v. Colson, 649 F.3d 468, 472-73 (6th Cir.2011) (citations omitted).
Abdur’Rahman’s claim that trial counsel was ineffective for failing to challenge the accomplice jury instruction was also procedurally defaulted.
Petitioner next argues that he has exhausted his claim that the trial court erred by failing to instruct the jury that accomplice testimony must be corroborated by independent evidence.... [T]his claim was not fairly presented to the state courts, and has not been exhausted .... Petitioner has failed to exhaust all the claims to which Respondent has asserted a procedural default de- *723 fense_ Thus,. because Petitioner has no remedy currently available in state court, these claims are procedurally defaulted.
Bell, 999 F.Supp. at 1081, 1083.[3] This is sufficient to meet the third prong of the Martinez/Trevino test.
4. Petitioner’s claims are substantial

a. Cumulative Error

Abdur’Rahman seeks to litigate whether the decision in his case would have been different “given the cumulative error arising from counsel’s ineffective assistance at sentencing and prosecutorial misconduct.” {E.g., Mot., R. 351, PagelD 383 (emphasis added).) The district court and this court considered the merits of Abdur’Rahmaris individual prosecutorial misconduct claims and trial counsel’s failure to investigate and present mitigating evidence at sentencing. However, Abdur’Rahmaris separate claim of cumulative error was never adjudicated on the merits and was specifically procedurally defaulted. See Colson, 649 F.3d at 472-73.
It is important to look closely at the decisions on these individual claims and the significance of those findings to a cumulative error argument. The decisions on most of Abdur’Rahmaris claimed errors held there was no Brady violation or pros-ecutorial misconduct because there was no prejudice — the court did not find in each instance that there was no error. See, e.g., Rahman v. Bell, No. 3:96-0380, 2009 WL 211133, at *4-6 (M.D.Tenn. Jan. 26, 2009), aff'd sub nom. Colson, 649 F.3d 468 (6th Cir.2011) (finding, among other issues, Ab-dur’Rahman “failed to establish materiality resulting from the delay in providing the statement to the defense” and “Petitioner has failed to show that any failure to disclose was prejudicial to the Petitioner.”) Further, the court specifically found that sentencing counsel was ineffective, but Abdur’Rahman was not prejudiced. See Abdur’Rahman v. Bell, 226 F.3d 696, 708 (6th Cir.2000). These findings are critical to a cumulative error argument because “[t]he cumulative effect of errors that are harmless by themselves can be so prejudicial as to warrant a new trial.” E.g., United States v. Adams, 722 F.3d 788, 832 (6th Cir.2013) (emphasis added) (citations omitted). Here, where Abdur’Rahman cited several different claims of error which were decided separately, in several different opinions, by several different courts, it is important to finally consider these errors together. See, e.g., id. (“Although no one of the six identified errors may warrant reversal on its own, the cumulative effect of these errors rendered defendants’ trial fundamentally unfair in violation of their rights to due process.”) (quoting Walker v. Engle, 703 F.2d 959, 968 (6th Cir.1983) (“We need not determine whether each of the alleged errors would,, alone, require that we find a deprivation of due process. It is clear that the cumulative effect of the conduct of the state was to arouse prejudice against the defendant to such an extent that he was denied fundamental fairness.”); United States v. Parker, 997 F.2d 219, 221 (6th Cir.1993) (“After examining [the errors] together, however, we are left with the distinct impression that ... due process was not satisfied in this case.”)).
*724 This court previously found that the prosecution withheld several pieces of evidence, but they were not individually material or prejudicial, and that Ab-dur’Rahman’s trial counsel’s performance at sentencing was deficient, but not prejudicial. See, e.g., Bell, 226 F.3d at 707-09. It is possible, upon further development of the legal arguments, in considering this question for the first time, that the court could find the cumulative nature of trial counsel’s deficient performance was in fact prejudicial. This claim has merit under the fourth prong' of the Martinez/Trevino test.

b. Accomplice Jury Instruction

Abdur’Rahman also argues the accomplice jury instruction provides cause to excuse the procedural default of his ineffectiveness-of-trial-counsel claim. While Martinez does not broadly apply to trial errors, it does apply if those errors were the result of ineffective-assistance-of-trial counsel. Abdur’Rahman argues that trial counsel failed to challenge the jury instruction and was thus ineffective. (Mot., R. 351, PagelD 422.) He further argues that post-conviction counsel, interchangeable with appellate counsel, failed to raise trial counsel’s ineffectiveness in failing to challenge the improper jury instruction.
The court has never considered Ab-dur’Rahman’s argument regarding the accomplice jury instruction. While the inquiry into whether sufficient evidence existed to support Abdur’Rahman’s conviction may have some overlap with the inquiry into whether trial counsel was ineffective in failing to challenge the accomplice jury instruction, it is not the same and requires a separate analysis. It is possible, upon further development of the legal arguments, that the failure to raise this issue at trial was prejudicial to Abdur’Rahman, particularly when viewed in light of other cumulative errors. It is further possible that post-conviction counsel was ineffective in failing to raise this deficiency of the trial counsel. Consequently, this claim also has merit under the fourth prong of the Martinez/Trevino test.
IV. CONCLUSION
For the foregoing reasons, I respectfully concur in part and dissent in part.

. To the extent the Warden raises these issues in opposition to Abdur'Rahman's motion for remand, they are not proper and cannot be considered in this context. See Dkt. 38; see also Abdur’Rahman’s Reply, Dkt. 39.

. It is unclear, based on the limited record on the motion, whether Abdur'Rahman argues that the underlying Brady and prosecutorial misconduct claims are also claims for ineffective-assistance-of-trial-counsel. The motion states “to secure relief under Martinez, Ab-dur’Rahman must establish ... post-conviction counsel was ineffective ... for failing to otherwise allege that trial or appellate counsel were ineffective for failing to raise the cumulative error claim.” (Mot., R. 351, PagelD 392.) Under Martinez/Trevino, this could be sufficient cause to excuse the default. However, the motion also states "Abdur’Rahman’s cumulative, error claim is not defaulted because ... post-conviction counsel was ineffective for failing to present this winning claim during the state post-conviction process.” (Id. at 392-93.) This would not be sufficient cause under Martinez/Trevino because it relies solely on errors in post-conviction proceedings. The motion goes,on to argue “the totality of the prejudice flowing both from counsel’s ineffectiveness at sentencing and the prosecution’s misconduct ... presents not just a substantial cumulative error claim, but a meritorious one on which he is entitled to habeas relief.” (Id. at 393.) This statement appears to again equate the prosecutorial misconduct claims and ineffective-assistance-of-counsel claims, which would suffice under Martinez/Trevino. Further development of the record is required to determine whether the cumulative error claim is a claim for ineffective-assistance-of-trial-counsel. In considering this very question before, I concluded these claims were linked: "The Brady violations and Strickland ineffective assistance fed off each other at trial in a perverse symbiosis *722 that infected the verdict with constitutional error.” Abdur’Rahman v. Colson, 649 F.3d 468, 483 (6th. Cir.2011) (Cole, J., dissenting).

. It is unclear if Abdur’Rahman actually raised this claim in the state court. However, this is irrelevant because the Martinez/Trevino exception relies on a claim not being presented in state post-conviction proceedings because post-conviction counsel was ineffective. At the very least, this merits remand for for-ther development of the record to determine whether this claim was in fact raised and whether it was procedurally defaulted. If post-conviction counsel was ineffective and failed to bring or exhaust the claim, it is viable under Martinez/Trevino.