J-S79006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRESTON ROBERT GRIMES | : | |
| | : | |
| Appellant | : | No. 728 MDA 2018 |

Appeal from the Judgment of Sentence June 22, 2011
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006368-2010

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:        **FILED: MARCH 7, 2019**

Appellant, Preston Robert Grimes, appeals *nunc pro tunc* from the June 22, 2011 judgment of sentence.  We affirm.

This matter is a procedural morass.[1]  By information filed on December 2, 2010, Appellant was charged with multiple crimes relating to his robbery of a bank on October 4, 2010, in York, Pennsylvania.[2]  Information, 11/30/10.

---

[1]  Appellant's Statement of the Case pursuant to Pa.R.A.P. 2117 lacks sufficient detail, in light of the significant procedural irregularities present in the history of this matter.  The Commonwealth's failure to file an advocate's brief, as well, contributed to this Court's challenge in identifying the relevant procedural history.

[2]  On October 4, 2010, Appellant entered Integrity Bank in York and gave the teller a note that stated, "This isn't a fucking game[.]  [C]ount out 2500 20's, 50's and 100's and know [sic] one will get hurt."  Affidavit of Probable Cause, 10/5/10.  When the teller informed Appellant she did not have that much

Appellant entered an open plea of *nolo contendere*[3] on April 21, 2011, to one count of robbery, 18 Pa.C.S. § 3701(a)(1)(ii). The trial court sentenced him on June 22, 2011, to a term of incarceration of ten to twenty years. Appellant did not file a direct appeal. Appellant filed a motion to modify sentence on June 24, 2011, two days after being sentenced, which was docketed as "Pro Se Correspondence." Appellant also filed, *pro se*, a motion to withdraw his guilty plea on July 7, 2011. Appellant's Brief at 5. The docket entries indicate its filing as follows: "Pro Se Correspondence, Comments: Request to W/D Plea, Sent to DA and PD—Attny Thompson 7-8-11." Trial Court Docket Entries, 7/7/11.

A prior panel of this Court continued the procedural history as follows:

On June 27, 2011,[4] Appellant filed his first *pro se* [Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546] petition. Appointed counsel filed a supplemental petition on July 26, 2011.[5] Following a hearing, the [PCRA] court denied the

---

money, Appellant told her to "give him all the 20's." ***Id.*** Appellant directed the teller to "remove all the wrappers from the cash." ***Id.*** When the teller gave Appellant the money, he fled on foot. ***Id.***

[3] "*Nolo contendere*" is a Latin phrase that means "I do not wish to contend. . . . When a defendant enters a plea of *nolo contendere*, he technically does not admit guilt. However, for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty. ***Commonwealth v. Norton***, ___ A.3d ___, ___n.1, 2019 WL 287153, at *1 n.1 (Pa. filed January 23, 2019).

[4] Appellant filed the *pro se* PCRA petition five days after he was sentenced.

[5] The PCRA petition challenged, *inter alia*, Appellant's sentence and alleged that his counsel had been ineffective in several respects, but the motion did not assert ineffectiveness by counsel in failing to perfect an appeal. PCRA Petition, 6/27/11, at ¶ 5.

petition. Appellant timely appealed. While Appellant's appeal was still before this Court, Appellant filed his second and third PCRA petitions on September 7, 2011[,] and July 16, 2012, respectively. The PCRA court dismissed the petitions on the same day[] that they were filed for lack of jurisdiction due to the pending appeal.

On April 23, 2012, this Court affirmed the PCRA court's denial of Appellant's first PCRA petition[,] and Appellant did not seek review in our Supreme Court. (*See Commonwealth v. Grimes*, 48 A.3d 483 (Pa. Super. 2012) (unpublished memorandum)). On August 23, 2012, Appellant filed his fourth PCRA petition[,] and the PCRA court sent Appellant a [Pa.R.Crim.P.] 907 notice of its intention to dismiss the petition because the issues raised therein already had been litigated and decided. On September 17, 2012, the PCRA court formally dismissed Appellant's fourth PCRA petition on this basis.

On September 28, 2012, Appellant filed his fifth *pro se* PCRA petition. The PCRA court forwarded a Rule 907 notice to Appellant on October 5, 2012, and denied Appellant's petition on October 29, 2012, on the bases that Appellant's issues had been previously litigated and that he failed to demonstrate "that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or that he is innocent of the crimes charged." (PCRA Court Rule 907 Notice, 10/05/12, at unnumbered page 2 (citation omitted); *see also* PCRA Court Order, 10/29/12, at 1).

*Commonwealth v. Grimes*, 75 A.3d 553, 2026 MDA 2012 (Pa. Super. filed April 12, 2013) (unpublished memorandum at 2–3) (footnote omitted). Appellant filed a timely appeal to this Court, wherein we concluded the PCRA petition was untimely and no exception to the time-bar applied. Thus, we affirmed the order denying Appellant's fifth petition on April 12, 2013. *Grimes*, 75 A.3d 553.

The ensuing procedural history continued as follows:

On April 29, 2013, Appellant filed a federal Habeas Corpus Petition which was addressed by the Third Circuit Court of

- 3 -

Appeals.[6]  The Third Circuit Court of Appeals initially denied the Habeas Petition but later remanded [to the District Court] for resolution of whether Appellant was entitled to have his direct appeal rights re-instated.  On December 4, 2015, a hearing was held before Magistrate Judge Carlson, at which time the parties stipulated to re-instate Appellant's direct appeal rights.  As such, Magistrate Judge Carlson entered a Report and Recommendation that recommended that the District Court enter an Order approving the reinstatement of Appellant's direct appeal rights. On January 4, 2016, District Judge Robert D. Mariani adopted Magistrate Judge Carlson's recommendations and granted Appellant's Habeas Corpus Petition.

Pa.R.A.P. 1925(a) Opinion, 1924 MDA 2016, 11/6/17, at 2–3.[7]

Thus, following the federal court's grant of Appellant's *habeas corpus* petition, the Commonwealth, on February 2, 2016, filed a motion to reinstate Appellant's direct appeal rights and to appoint counsel to assist Appellant in its preparation.  The trial court granted the Commonwealth's motion on February 3, 2016, reinstated Appellant's direct appeal rights, and appointed Chris Moore, Esquire, as counsel.  Appellant filed a timely notice of appeal to this Court, docketed at 285 MDA 2016.  For reasons not clear in the record, the trial court removed Attorney Moore as counsel and appointed Jennifer

---

[6]  In his *habeas corpus* petition challenging both his conviction and sentence, Appellant "asserted that he did not raise these challenges because he 'never was able to have a direct appeal due to ineffective counsel waiving my appellate rights.'  A third claim in the [*habeas corpus*] petition alleged an [ineffective-assistance-of-trial-counsel] claim based on counsel's failure to file an appeal."  **Grimes v. Superintendent Graterford SCI**, 619 Fed.Appx. 146, 148 (3d Cir. 2015).

[7]  This subsequent appeal is identified and discussed *infra*.  We utilize this trial court opinion due to the procedural irregularities present in this case.

- 4 -

Smith, Esquire, on March 24, 2016. Attorney Smith filed an amended Pa.R.A.P. 1925(b) statement on April 25, 2016, but failed to file an appellate brief on Appellant's behalf. On October 6, 2016, this Court dismissed the appeal docketed at 285 MDA 2016 because Attorney Smith failed to file an appellate brief.

On November 7, 2016, Appellant again filed a counseled petition to reinstate appellate rights in which Attorney Smith explained that she inadvertently failed to place this Court's briefing schedule on her calendar. Thus, counsel sought reinstatement of Appellant's direct appeal rights, which the trial court granted on November 9, 2016. Inexplicably, Appellant, *pro se*, filed a PCRA petition seeking reinstatement of his appellate rights on November 22, 2016. On November 29, 2016, the PCRA court dismissed the petition as moot, noting that Attorney Smith had already filed both a notice of appeal and a Pa.R.A.P. 1925(b) statement on November 23, 2016. Order, 11/29/16, at 1; Pa.R.A.P. 1925(a) Opinion, 11/6/17, at 1. This appeal was docketed at 1924 MDA 2016. Unbelievably, inactivity again reared its ugly head, and on March 19, 2018, this Court dismissed the appeal because Attorney Smith again failed to file an appellate brief. Order, 3/19/18, at 1.

On March 27, 2018, Appellant filed a *pro se* Memorandum of Law in which he requested the appointment of new counsel. The PCRA court removed Attorney Smith as counsel and appointed present counsel, Lori Yost, Esquire. Order, 3/28/18, at 1; Order, 3/29/18, at 1. The PCRA court reinstated

Appellant's direct appeal rights on March 28, 2018. Appellant filed another PCRA petition on April 3, 2018, which the PCRA court dismissed on April 10, 2018, pointing out that because it had reinstated Appellant's direct appeal rights on March 28, 2018, the PCRA petition was premature.

Attorney Yost filed the instant notice of appeal on April 27, 2018, at the present docket number, 728 MDA 2018. Appellant filed a Pa.R.A.P. 1925(b) statement on May 16, 2018, and the trial court filed its Rule 1925(a) opinion on July 13, 2018.

Appellant raises the following issues for our review:

I. Whether the trial court abused its discretion in failing to rule on Appellant's motion to withdraw his plea as Appellant's plea was not knowing, voluntary and intelligent.

II. Whether the trial court abused its discretion in failing to rule upon Appellant's motion to modify sentence.

Appellant's Brief at 4 (unnecessary capitalization omitted).

In assessing challenges to the validity of a guilty plea, we are guided by the following standard of review. "Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017); *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011)

(citation omitted). Post-sentence motions for withdrawal "are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." **Commonwealth v. Kehr**, 180 A.3d 754, 757 (Pa. Super. 2018) (quoting **Commonwealth v. Broaden**, 980 A.3d 124, 129 (Pa. Super. 2009)). A defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. **Kehr**, 180 A.3d at 757.

Our Supreme Court recently discussed an appellant's burden to show that a trial court abused its discretion in a ruling:

> "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." **Commonwealth v. Eichinger**, 591 Pa. 1, 915 A.2d 1122, 1140 (2007) (citation omitted). An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. **Id.** "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling. **Id.**

**Norton**, ___ A.3d at ___, 2019 WL 287153 at *7.

Furthermore, it is settled that:

> [a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). **Failure to employ either measure results in waiver**. Historically, Pennsylvania courts

adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Lincoln***, 72 A.3d at 609–610 (internal quotation marks and some citations omitted) (emphasis added). For the following reasons, we conclude that a challenge to the validity of Appellant's plea is waived.

As noted by the trial court:

[Appellant's] Motion (docketed as "correspondence") was filed by him pro se at a time when he had legal counsel of record. On June 27, 2011, [Appellant] filed a pro se PCRA [petition] in which he requested that counsel be appointed for him. On July 6, 2011, the Trial Court granted [Appellant's] request for appointed counsel and appointed Attorney William Graff to represent him. [Appellant's] pro se Motion was filed on July 7, 2011. When a defendant is represented by counsel, he has no right to proceed as co-counsel in his own defense. See Commonwealth v. Williams, 270 Pa. Super. 27, 410 A.2d 880 (1979).

Pa.R.A.P. 1925(a) Opinion, 7/13/18, at 2. The relevant docket entries indicate that the *pro se* motion was forwarded to Appellant's counsel of record. Counsel, however, never timely filed a motion to withdraw the plea. As noted above, in order to preserve an issue related to the validity of a guilty plea, an appellant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, the sentencing hearing, or through a post-sentence motion. ***Lincoln***, 72 A.3d at 609-610; ***see also Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (same); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised

for the first time on appeal").  Accordingly, Appellant has waived any challenge to the validity of his guilty plea.[8]

Even if not waived, we would find that the issue lacks merit.  The post-sentencing standard applicable to post-sentence motions to withdraw a plea requires manifest injustice.  **Kehr**, 180 A.3d at 757.  "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.  In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea."  **Id.**  In order to ensure a voluntary, knowing, and intelligent plea, trial courts, "[a]t a minimum . . . should ask questions to elicit the following information:"

> 1)     Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2)     Is there a factual basis for the plea?
>
> 3)     Does the defendant understand that he or she has the right to a trial by jury?
>
> 4)     Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5)     Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

---

[8] Appellant's argument in his brief is also lacking, which solidifies our finding of waiver.  He asserts that his plea was not entered knowingly, voluntarily, or intelligently, but he fails to assert any relevant law in support.  Appellant's Brief at 13–15.  **See** Pa.R.A.P. 2119(a) (providing that appellate briefs must contain "such discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Woodard**, 129 A.3d 480 (Pa. 2015) (same); **Commonwealth v. Samuel**, 102 A.3d 1001 (Pa. Super. 2014) (holding issue waived where the only case law cited in support of claim was the standard of review).

6)      Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590 cmt.; *Commonwealth v. Pollard,* 832 A.2d 517, 522–523

(Pa. Super. 2003).

As this Court has explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Yeomans*, 24 A.3d at 1047.  Additionally, a written plea colloquy that is read,

completed, signed by the defendant, and made part of the record may serve

as the defendant's plea colloquy when supplemented by an oral, on-the-record

examination.  *Commonwealth v. Morrison*, 878 A.2d 102, 108-109 (Pa.

Super. 2005) (citing Pa.R.Crim.P. 590 cmt.).  Appellant bears the burden of

proving that he was not aware of what he was doing when he entered his plea.

*Pollard*, 832 A.2d at 523 (internal citation omitted).

"Where the record clearly demonstrates that a guilty plea colloquy was

conducted, during which it became evident that the defendant understood the

nature of the charges against him, the voluntariness of the plea is

established."  *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super.

2006).  "A person who elects to plead guilty is bound by the statements he

makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Yeomans**, 24 A.3d at 1047.

Here, the record belies Appellant's assertion that his plea was entered involuntarily, unknowingly, and unintelligently. Appellant focuses on the fact that he did not understand the sentencing guideline ranges applicable to the charge to which he was pleading. Appellant's Brief at 13. When he raised this concern at the plea colloquy, however, both the trial court and defense counsel answered Appellant. N.T. (*Nolo Contendere* Plea), 4/21/11, at 3–4.

Appellant also asserts that he understood the charge to which he was pleading, but professed that he "never commit[ted] any serious bodily injuries." Appellant's Brief at 14; N.T. (*Nolo Contendere* Plea), 4/21/11, at 4. The trial court responded, "They are not saying you committed it. They are saying it was your intent to put the person in fear of imminent serious bodily injury." N.T. (*Nolo Contendere* Plea), 4/21/11, at 4. Thereafter, the trial court clarified that the plea was not a guilty plea, but one of *nolo contendere*, or no contest, because Appellant "won't admit that you committed the offense." **Id.** at 5.

Appellant executed a written plea agreement that advised him of all criteria outlined under Pa.R.Crim.P. 590 and indicated that Appellant entered the plea knowingly and voluntarily. Appellant completed the lengthy written colloquy by initialing each page. Colloquy, 4/21/11, at 1–11. When Appellant

stopped initialing because he had a question, the trial court went through the written colloquy page by page, pausing to ask Appellant if he understood every concept. N.T. (*Nolo Contendere* Plea), 4/21/11, at 3–8.

Second, the trial court conducted a lengthy oral plea colloquy with Appellant. N.T. (*Nolo Contendere* Plea), 4/21/11, at 2–9. The court answered every question Appellant raised and offered Appellant more time to decide whether to proceed. *Id.* at 3. After the oral colloquy, the trial court, satisfied that Appellant's plea was being entered voluntarily, knowingly, and intelligently, accepted Appellant's plea. *Id.* at 8. As this Court has explained, a written colloquy that is read, completed, signed by the defendant, and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108-109. Considering the totality of circumstances surrounding the plea, the evidence reflects that Appellant knowingly, voluntarily, and intelligently entered his plea, and Appellant has failed to carry the burden of establishing otherwise. *Pollard*, 832 A.2d at 523. Accordingly, were we to consider Appellant's claim, we would deem it to lack merit.

Appellant has abandoned his second issue claiming the trial court abused its discretion in failing to rule upon Appellant's motion to modify sentence. Appellant's Brief at 16. He acknowledges that Pa.R.Crim.P. 720 provides, "If the judge fails to decide the [post-sentence] motion within 120 days . . . the motion shall be deemed denied by operation of law."

Pa.R.Crim.P. 720(B)(3)(a). Thus, he asserts the issue is withdrawn. Therefore, we do not consider the claim further. ***Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008) (the appellant abandoned the contention set forth in statement of issues).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019