**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Ronald Grant CHAMPNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 2001.

Filed Sept. 13, 2001.

Joseph P. Semasek, Pottsville, for appellant.

1. 18 Pa.C.S.A. §§ 3502, 3701, 901, 2701, 2706, 2705, and 903, respectively.

2. This was actually Champney's second *pro se* attempt to obtain further review of his case.

Michael A. O'Pake, Asst. Dist. Atty., Pottsville, for Com., appellee.

BEFORE: DEL SOLE, President Judge, CAVANAUGH, J. and CERCONE, President Judge Emeritus.

DEL SOLE, President Judge:

¶ 1 Ronald Grant Champney appeals the order entered November 15, 2000, disposing of his petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. Following appointment of counsel, Champney's PCRA petition was denied on the merits after three evidentiary hearings. Finding error, we reverse and reinstate Champney's rights to a direct appeal. We remand to determine whether new counsel needs to be appointed.

¶ 2 On November 13, 1998, a jury found Champney guilty of burglary, two counts of robbery, criminal attempt (theft), two counts of simple assault, terroristic threats, two counts of recklessly endangering another person, and criminal conspiracy.[1] Champney was charged with these crimes in connection with an incident occurring on May 15, 1995, in Port Carbon, in which Champney and another individual participated in a "home invasion" robbery against a senior citizen couple. On January 6, 1999, Champney was sentenced to an aggregate term of 14½ to 40 years' imprisonment.

¶ 3 On January 19, 1999, Champney filed, *pro se*, a "PETITION TO DISMISS COUNSEL" and another document entitled, "PETITION FOR POST CONVICTION RELIEF, Notice of Appeal."[2]

On November 20, 1998, after the verdict but prior to sentencing, Champney filed another document entitled, "PETITION FOR POST CONVICTION RELIEF NOTICE OF AP-

Pursuant to Pa.R.Crim.P. 9022(c),[3] because Champney was still represented by trial counsel, the clerk of courts did not docket Champney's filings, but instead forwarded them to his attorney by letter also dated January 19, 1999. Thereafter, Appellant's counsel took no action during the remainder of the 30–day appeal period. Eventually, on February 8, 1999, trial counsel filed a "Petition for Withdrawal of Appearance," which the court granted by order dated February 9, 1999. According to the opinion of the PCRA court, trial counsel testified that he informed Champney that he would not represent him on appeal because he had not paid his bill. Opinion of Court, 11/15/00, at 4.

■ ¶ 4 On February 23, 1999, Champney again filed, *pro se,* a document entitled, "PETITION FOR POST CONVICTION RELIEF, Notice of Appeal." The trial court responded on February 26, 1999 with an order that granted Champney *in forma pauperis* status, but, citing 42 Pa. C.S.A. § 9543(a)(3), dismissed the petition on the basis that Champney had not exhausted his rights pursuant to the appellate process. The court also stated that it

would consider the petition as Champney's "Concise Statement of Matters Complained" pursuant to Pa.R.A.P.1925(b).[4]

¶ 5 On March 1, 1999, Champney filed, *pro se,* his notice of appeal from the judgment of sentence. Counsel was appointed and the direct appeal proceeded. On September 16, 1999, this Court quashed the appeal as untimely. *Commonwealth v. Champney,* 747 A.2d 409 (Pa.Super.1999) (unpublished memorandum). Finally, on February 4, 2000, Champney timely filed the instant PCRA petition. The petition raised various issues including trial counsel's failure to pursue a direct appeal. As stated, the petition was denied on the merits following hearing. Champney now brings this appeal in which he contends that trial counsel effectively vitiated his right to a direct appeal by failing to pursue the appeal upon request.

■ ¶ 6 We begin by noting our standard of review. Our standard of review for an order denying post-conviction relief looks to whether the PCRA court's determination is supported by the record and whether it is free of legal error. *Com-*

---

PEAL." The clerk of courts did not docket the matter, but instead forwarded it to counsel.

3. The Rules of Criminal Procedure were amended effective April 1, 2001. The matter listed at former Rule 9022 is now found at Rule 576.

4. We are uncertain what the trial court intended by this order. If the court meant that Champney was obligated to pursue a direct appeal before he could avail himself of collateral relief, we disagree. First, at that juncture, any direct appeal would have been considered untimely filed and ultimately would have been quashed. The only legal process remaining for Champney at that point was the PCRA. Second, even in a situation where a direct appeal would still be timely, while it would be strategically foolish to forego direct review and proceed immediately to the PCRA (most issues would be waived, unless pro-

ceeding with new counsel and claiming ineffectiveness of prior counsel), we see no legal roadblock to this course of action.

Moreover, because the trial court did not regard this petition as a proper PCRA petition, it dismissed the matter without providing the mandatory 20–day notice under Pa.R.Crim.P. 1507, 42 Pa.C.S.A. (as of April 1, 2001, Rule 907). Nevertheless, Champney responded to the dismissal by filing a pleading on March 5, 1999, in which he informed the trial court that trial counsel refused to file any appeal on his behalf and failed to withdraw before the expiration of the 30–day appeal period so that Champney could proceed *pro se.* Because this initial PCRA petition was improperly dismissed, we will consider the present petition, as well as Champney's March 5, 1999 response, as amendments to his original collateral petition.

*monwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999). Furthermore, because Champney's argument is stated in terms of ineffective assistance of counsel, we further note that in order to successfully demonstrate ineffective assistance of counsel, Champney must show: (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to Champney's prejudice. *Commonwealth v. Miller,* 560 Pa. 500, 746 A.2d 592 (2000). We now turn to trial counsel's alleged failure to file a direct appeal.

¶ 7 Champney contends that trial counsel was ineffective in failing to pursue a direct appeal. Our Supreme Court has recently recognized that counsel's failure to pursue a direct appeal upon request is grounds alone for relief under the PCRA, in the form of restoration of direct appeal rights. *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). However, it is also true that a PCRA petitioner must plead and prove that he requested that such an appeal be filed. *Commonwealth v. Harmon,* 738 A.2d 1023 (Pa.Super.1999). Instantly, these requirements appear to have been met by Champney's present petition and by the March 5, 1999 pleading in which Champney alleged that trial counsel refused to take a direct appeal.

¶ 8 As noted earlier, trial counsel's proffered explanation during the evidentiary hearings for not perfecting an appeal was that Champney had failed to pay him. It is unclear whether the PCRA court accepted trial counsel's conduct as proper because it resolved the matter merely by addressing the matters Champney could have raised on direct appeal. Upon review, we find that the analysis of both trial counsel and the PCRA court is flawed.

¶ 9 The notion that counsel could simply abandon Champney because he failed to pay counsel to perfect his appeal is manifest, reversible error. Simply stated, counsel may never abandon a client, but must first specifically seek permission from the court to withdraw from representation. Nevertheless, the record before us reveals that trial counsel waited until it was too late for Champney to pursue a direct appeal *pro se* before he finally sought permission to withdraw. Pursuant to Pa.R.Crim.P. 9022, where a defendant is represented by counsel, the clerk of courts may not docket any pleading filed by the defendant, but must forward the filing to counsel. Thus, not only did trial counsel fail to take steps to preserve his client's precious appeal rights, he rendered it impossible for the client to protect them himself.

10 This Court has previously spoken of the gravity of this error and we reiterate that analysis now:

> The importance of the express requirement of formal allowance of withdrawal is well illustrated here. By informally withdrawing, counsel left appellant to seek new private counsel, assignment of court appointed counsel, or to pursue direct appeal pro se during the critical 30 day period during which appellant was required to perfect or waive a direct appeal. Had counsel sought allowance of the court to formally withdraw as counsel, the trial court could have taken steps necessary to prevent the procedural default which occurred in this case by having counsel file notice of appeal before withdrawing, by assigning court appointed counsel, or by ensuring that appellant's notice of appeal would be effectual.

> We in no way suggest that counsel was required to continue as counsel in this matter in perpetuity. For a variety of reasons, from ethical reasons to finan-

cial concerns, counsel properly may seek to withdraw from representing a client. *See e.g. Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) (withdrawal on frivolity grounds); *Commonwealth v. Roman,* 379 Pa.Super. 331, 333–37, 549 A.2d 1320, 1320–23 (1988) (withdrawal based on non-payment of agreed fees). **Regardless of the legitimacy of counsel's grounds for withdrawal as counsel, formal leave of court is nonetheless clearly and unequivocally required before counsel may be deemed to have withdrawn as counsel.** Pa.R.Crim.P. 302(b).

*Commonwealth v. Keys,* 397 Pa.Super. 453, 580 A.2d 386, 387 (1990) (emphasis in original).

¶ 11 Instantly, we find that trial counsel's conduct was egregiously objectionable. Trial counsel completely failed to preserve Champney's appellate rights by filing a notice of appeal even after he was certainly aware that Champney wanted to file an appeal, when the clerk of courts sent him Champney's attempted *pro se* filing on January 19, 1999. At the very least, counsel should have filed the notice of appeal in a timely fashion and then sought leave to withdraw. As it was, counsel not only refused to fulfill his obligation to his client, but acted so ineffectively that counsel prevented the client from protecting his own interests. In so doing, trial counsel rendered ineffective assistance such that Champney was effectively denied his right to a direct appeal. This is unacceptable.

¶ 12 Furthermore, we cannot condone the PCRA court's solution to this problem. The court examined the issues that Champney could have raised on appeal, found that no issue was of merit, and concluded that Champney was not prejudiced by the failure to take a direct appeal.

However, our Supreme Court specifically held in *Commonwealth v. Lantzy, supra,* that in a situation where counsel fails to file a direct appeal upon request, "the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." *Lantzy,* 736 A.2d at 572. Since the PCRA court failed to correct the error below, we shall do so now.

¶ 13 Accordingly, we reverse the order below and reinstate Champney's right to a direct appeal, *nunc pro tunc.* We remand the case for the PCRA court to determine whether present PCRA counsel should prosecute Champney's direct appeal or whether new counsel should be appointed. Thereafter, counsel should perfect an appeal within 30 days of the determination below.

¶ 14 Order reversed. Case remanded. Jurisdiction relinquished.