J-A28014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
JAMES HOWARD FOWLER :
:
Appellant : No. 557 WDA 2019

Appeal from the PCRA Order Entered August 17, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000458-2015

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 15, 2021**

Appellant, James Howard Fowler, appeals from the order entered August 17, 2018, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we are constrained to affirm.

A previous appeal of this Court summarized the facts of this case as follows.

> In the spring of 2015, Appellant made two separate cocaine sales to Michelle King ("King"), then acting as a confidential informant for the McKean County Drug Task Force.  A body camera hidden on King recorded the second cocaine sale.  Minutes after the second sale was complete, members of the McKean County Drug Task Force pulled over the vehicle that Appellant and King were traveling in, and arrested Appellant.  Officers recovered the pre-recorded buy money from Appellant's person.  During a subsequent search of Appellant's residence, officers found, among other items, a scale, baggies, a ledger of prior drug transactions, and over 100 grams of cocaine.

Appellant was [subsequently] charged with four counts of possession with the intent to deliver [(PWID)], five counts of possession of a controlled substance, two counts of criminal use of a communication facility, and two counts of conspiracy to commit [PWID. The charges were docketed at trial court docket numbers CP-42-CR-458-2015 and CP-42-CR-459-2015.]

***

[Ultimately,] Appellant elected to proceed to a jury trial. King testified at trial, as did various members of the McKean County Drug Task Force. The Commonwealth showed the jury a 40-minute video and audio recording of the second cocaine sale, recorded on a body camera worn by King.

At trial, Appellant admitted to selling cocaine to King on both occasions charged by the Commonwealth, and to possessing most of the drugs and other paraphernalia recovered from his residence. Rather than deny the sales, Appellant sought to portray King as a trusted friend who had betrayed him and entrapped him to avoid prosecution for her own drug offenses. Appellant introduced evidence suggesting that he was a drug addict who only possessed cocaine for personal use, and that he only sold cocaine to King on two occasions after she hounded him relentlessly.

After a two day trial, the jury convicted Appellant on all counts. The trial court sentenced Appellant to an aggregate term of [nine and one-half] to 19 years['] imprisonment.

*Commonwealth v. Fowler*, 2017 WL 2591486, at *1 (Pa. Super. June 15, 2017) (superfluous capitalization and footnotes omitted). This Court affirmed Appellant's judgment of sentence on June 15, 2017. **Id.** Appellant did not seek further review.

On January 26, 2018, Appellant filed a timely *pro se* PCRA petition. In his petition, Appellant alleged that both trial and appellate counsel provided ineffective assistance. On May 3, 2018, the PCRA court entered an order scheduling an evidentiary hearing and appointed Erika Mills, Esquire (Attorney

Mills) to represent Appellant. On July 24, 2018, the day of the scheduled evidentiary hearing, Attorney Mills requested a continuance and leave to file an amended PCRA petition on Appellant's behalf. Attorney Mills provided the following explanation for her request:

> … I [have] had a grand total of 20 minutes to sit down with [Appellant] face-to-face and go over documents pertaining to his case. There [is] a lot more to this [case] than could adequately be addressed . . . within the 20 minutes that we had face-to-face. I did have one telephone conference with [Appellant] through the State Correctional Institution, getting that set up through the State Correctional Institution [was] not [] easy but I was able to make contact with [Appellant] at one point and time. I have reviewed his – his [p]etition. In order to fully develop . . . these claims and to develop this case I am again . . . requesting this continuance and I [am] asking the [c]ourt to reconsider what it [] indicated at the outset of these proceedings as its ruling. I do [not] feel that . . . I [am] ready to proceed, I know my client definitely does [not] feel I [am] ready to proceed and . . . it [is] our position . . . that if this matter goes forward today given the lack of [] time [for] preparation that he and I have had together it may amount to a further assertion of ineffective assistance against [myself.]

N.T. Evidentiary Hearing, 7/24/18, at 6-7. The PCRA court denied Attorney Mills' request for a continuance. *Id.* at 5; *see also* PCRA Court Order, 8/1/18, at 1. The PCRA court, however, stated that it would schedule additional proceedings if requested by either party. N.T. Evidentiary Hearing, 7/24/18, at 5. Accordingly, the evidentiary hearing commenced and both Appellant's trial and appellate counsel testified. *Id.* at 25-80. At the conclusion of the hearing, the PCRA court stated that Appellant's claims did not provide "any

- 3 -

basis for PCRA relief" and, as such, indicated on the record that it intended to deny the petition. *Id.* at 86.

Before the PCRA court entered a formal, written order dismissing the PCRA petition, Appellant filed a *pro se* notice of appeal, a *pro se* motion to proceed *in forma pauperis*, and a *pro se* motion for production of the transcript of the evidentiary hearing. The aforementioned filings were received on August 8, 2018 by the clerk of courts, who time and date stamped all of the *pro se* submissions. In addition, the clerk notated the docket to reflect the date upon which it received Appellant's *pro se* motion to proceed *in forma pauperis* and his motion for production of the hearing transcript. The clerk did not, however, notate the docket to reflect the receipt of Appellant's *pro se* notice of appeal. Additionally, there is no indication that the clerk forwarded any of the aforementioned filings to Attorney Mills, as required by Pa.R.Crim.P. 576(A)(4) (explaining that the clerk of courts must time-stamp, make a docket entry, and then forward all *pro se* filings by a represented defendant to his or her counsel).

Thereafter, on August 17, 2018, the PCRA court filed a written order formally dismissing Appellant's PCRA petition. PCRA Court Order, 8/17/18, at 1. Attorney Mills did not file an appeal from the PCRA court's dismissal order. Thereafter, on October 12, 2018, Appellant wrote a letter to the clerk inquiring about the status of his appeal. On November 5, 2018, the PCRA court issued an order explaining, *inter alia*, that "no appeal [from] the court's order denying [Appellant's] PCRA [petition was] filed." PCRA Court Order, 11/5/18, at 1. As

such, on January 8, 2019, Appellant filed a *pro se* motion seeking reinstatement of his PCRA appellate rights *nunc pro tunc*. On February 8, 2019, the PCRA court issued an opinion in which it explained the apparent breakdown regarding Appellant's *pro se* notice of appeal. Specifically, the court explained that the clerk received Appellant's notice of appeal on August 8, 2018 but, because Appellant "was represented by counsel and had not been granted *in forma pauperis* status and the fee for filing the appeal had not been paid, the [c]lerk did not docket the appeal." PCRA Court Opinion and Order, 2/8/19, at *1 (un-paginated). In addition, the court stated:

> [Appellant] clearly wanted to perfect an appeal of the court's denial of his PCRA [p]etition. His counsel, [Attorney Mills,] could have perfected [Appellant's *pro se* appeal] even if [Appellant indicated] that he intended to represent himself regarding the appeal. *See*[] *Commonwealth v. Champney*, 783 A.2d. 837 (Pa. Super. 2007); *Commonwealth v. Khalil*, 806 A.2d 415, 418 (Pa. Super. 2002). In addition, [Appellant's notice of] appeal that was sent to the [c]lerk should have been docketed of record even though [Appellant] had not yet been granted *in forma pauperis* status. *See* Pa.R.A.P.[] 902.

*Id*. at *2-*3 (un-paginated). Based upon the "breakdown in communication between [Appellant] and Attorney Mills," the PCRA court appointed "Christopher Martini, Esquire [(Attorney Martini)] . . . to represent [Appellant's] interests." *Id*. at *3 (un-paginated).

On March 15, 2019, Attorney Martini filed a motion requesting clarification of the PCRA court's February 8, 2019 opinion and order. In the motion, Attorney Martini asked the court to enter an order explicitly reinstating Appellant's PCRA appellate rights *nunc pro tunc*. The PCRA court

entered an order on March 18, 2019, reinstating Appellant's PCRA appellate rights *nunc pro tunc* and directed Appellant to file "a notice of appeal on or before April 14, 2019." PCRA Court Order, 3/18/19, at 1.

Appellant, through counsel, filed a notice of appeal to this Court on April 12, 2019. On May 17, 2019, the PCRA entered an order directing Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant failed to do so. Instead, on July 17, 2019, Appellant's counsel filed a motion requesting an extension of time to file a Rule 1925(b) statement. The PCRA court granted the motion and directed Appellant to file a concise statement on or before August 14, 2019. On August 13, 2019, however, Attorney Martini informed the court that, in lieu of a Rule 1925(b) statement, he intended to file a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] **See** Pa.R.A.P. 1925(c)(4). Thereafter, Attorney Martini filed a motion to withdraw as counsel, which the PCRA court granted on November 15, 2019. The PCRA court then appointed current counsel, Daniel C. Lang, Esquire (Attorney Lang), to represent Appellant on appeal.

---

[1] It is well settled that "[c]ounsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (parallel citations omitted).

On January 15, 2020, this Court entered an order remanding the matter to the PCRA court because Appellant's counsel failed to file a brief, despite being ordered to do so. Order, 1/15/20, at 1. The order also directed the PCRA court to notify this Court, within 30 days, of all findings and actions taken. *Id.* at 1. On January 21, 2020, the PCRA court explained that all notices regarding Appellant's appeal were sent to Attorney Martini, not Attorney Lang, and, as such, Attorney Lang failed to file an appellate brief on Appellant's behalf because "he did not receive notice of the briefing schedule, etc." PCRA Court's Opinion and Order, 1/21/20, at *1 (un-paginated). Accordingly, the PCRA court entered an order directing Attorney Lang to take the necessary action with this Court. *Id.* at *2 (un-paginated).

On March 6, 2020, Attorney Lang filed a motion for remand. In his motion, Attorney Lang asked this Court to vacate the PCRA court's order dismissing Appellant's PCRA petition, grant Attorney Lang 45 days to file an amended PCRA petition on Appellant's behalf, and direct the PCRA court to conduct another evidentiary hearing in light of Attorney Mills' deficient representation during the July 24, 2018 hearing. In addition, Attorney Lang requested leave to file a concise statement because Attorney Martini filed a notice of his intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4) rather than a Rule 1925(b) concise statement. On March 19, 2020, this Court entered an order denying the remand request for a new evidentiary hearing but granted Attorney Lang leave to file a Rule 1925(b) statement. Attorney

Lang filed a concise statement on Appellant's behalf on April 1, 2020, and the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 27, 2020.

Appellant raises the following issue on appeal:

Whether the [PCRA] court erred in its handling of [] Appellant's PCRA [p]etition by proceeding to conduct a[n evidentiary hearing] in this matter when the [] court knew that [] Appellant's PCRA counsel, [Attorney] Erika Mills[,] was wholly unprepared and rendered such ineffective assistance of counsel that [] Appellant was effectively denied his right to counsel?

Appellant's Brief at 2.

As a prefatory matter, we must address whether the PCRA court erred in considering Appellant's January 8, 2019 motion for reinstatement of his PCRA appellate rights *nunc pro tunc*. This Court previously explained that a petition seeking restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition. **Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002). As such, "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." **Id.**

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time

for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on July 15, 2017. Hence, Appellant's January 8, 2019, petition is manifestly untimely and, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. § 9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2] It is the appellant's burden to

---

[2] Effective December 24, 2018, the deadline set forth in 42 Pa.C.S.A. § 9545(b)(2) was extended to one year. The extension does not apply in this case, however, because a timely petition in this case needed to be filed on or before July 15, 2018.

"allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

In his motion to reinstate his PCRA appellate rights *nunc pro tunc*, Appellant made no attempt to plead or prove that one of the exceptions to the PCRA time-bar applied. Accordingly, no court may exercise jurisdiction over that filing. As such, we conclude that the PCRA court erred in failing to treat Appellant's motion to reinstate his PCRA appellate rights *nunc pro tunc* as a PCRA petition and, in turn, granting Appellant relief.

This, however, does not end our inquiry. Indeed, the circumstances of this case are complicated by the fact that Appellant filed a single, *pro se* notice of appeal on August 8, 2018. As we stated above, Appellant filed the August 8, 2018 notice of appeal after his evidentiary hearing but before the PCRA court entered its written order formally dismissing the petition *sub judice*. At this time, Appellant was represented by Attorney Mills. We shall address the impact of these circumstances upon our capacity to exercise appellate jurisdiction and reach the merits of Appellant's claims.

First, we consider the fact that Appellant filed a *pro se* notice of appeal while represented by counsel. As this Court previously explained:

> In this Commonwealth, hybrid representation is not permitted. ***See Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super.

- 10 -

2007) (discussing *pro se* post-sentence motion filed by a petitioner who had counsel).

***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (parallel citations omitted). Pa.R.Crim.P. 576(A)(4) dictates, however, that

> [i]n any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, **the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt**, and place the document in the criminal case file. **A copy of the time stamped document shall be forwarded to the defendant's attorney** and the attorney for the Commonwealth **within 10 days of receipt**.

Pa. R. Crim. P. 576(A)(4) (emphasis added). When, as in this case, "the *pro se* filing is a notice of appeal," this Court has stated that "it is to be docketed and acted upon" because "a notice of appeal protects a constitutional right [and, as such,] it is distinguishable from other filings." ***Commonwealth v. Chestnut***, 2020 WL 6194413, *2 (Pa. Super. Oct. 22, 2020) (unpublished memorandum), *citing* **Williams**, 151 A.3d at 624. If a clerk of courts fails to comply with Pa.R.Crim.P. 576(A)(4), especially when dealing with a *pro se* notice of appeal, a breakdown in the court system occurs. ***See Chestnut***, 2020 WL 6194413 at *3; ***see also Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2005).

Herein, Appellant filed a *pro so* notice of appeal on August 8, 2018. The PCRA court explained that, because Appellant "was represented by counsel and had not been granted *in forma pauperis* status and the fee for filing the appeal had not been paid, the [c]lerk did not docket the appeal." PCRA Court

- 11 -

Opinion and Order, 2/8/19, at *1 (un-paginated). There is also no indication that the clerk forwarded Appellant's *pro se* notice of appeal to Attorney Mills, his counsel of record at the time.[3] Instead, the clerk of courts simply placed the notice of appeal in the criminal case file. ***Id.*** at *1 (un-paginated). Accordingly, we conclude that this resulted in a breakdown in the court system and that Appellant's August 8, 2018 *pro se* filing should be treated as the operative **and timely** notice of appeal in this case.

There is, however, another procedural issue we must address before we consider the merits of Appellant's claims. As stated above, when Appellant filed his *pro se* notice of appeal, he filed a single notice of appeal. Appellant, therefore, did not file a notice of appeal at each trial court docket as required by ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). As this Court previously explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." [***Walker***, 185 A.3d at 973]. The Official Note now reads:

---

[3] We recognize that Appellant filed his *pro se* notice of appeal on August 8, 2018, after the court announced its intention to dismiss the petition but prior to entry of the written order formally dismissing Appellant's PCRA petition on August 17, 2018. If the clerk had forwarded the *pro se* filing to Appellant's counsel, it is possible that Attorney Mills could have perfected the appeal following the issuance of the August 17, 2018 order. ***See Champney***, 783 A.2d. at 841. This forms a compelling basis for finding a breakdown in the judicial system. Moreover, "[a] notice of appeal filed after announcement of a determination but before the entry of an appealable order [is] treated as filed after such entry and on the date thereof." Pa.R.A.P. 905(5).

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

> In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-[9]77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective [and applicable only to appeals filed after June 1, 2018], recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.***

***Commonwealth v. Williams***, 206 A.3d 573, 575–576 (Pa. Super. 2019) (emphasis in original).

Herein, Appellant filed his *pro se* notice of appeal on August 8, 2018. Therefore, the rule announced in ***Walker*** governs. Because Appellant filed a single notice of appeal, rather than two separate notices of appeal at each trial court docket in accordance with Pa.R.A.P. 341, it appears the August 8, 2018 notice is subject to quashal. Recent developments in our case law, however,

suggest a more flexible approach to application of **Walker** where certain circumstances are present.

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court declined to quash an appeal listing two docket numbers because the trial court misinformed Stansbury that he could file a single notice of appeal. We determined that the trial court's failure to advise Stansbury properly regarding his appellate rights amounted to a "breakdown in the court system" and, accordingly, we excused his failure to comply with **Walker**. **Stansbury**, 219 A.3d at 160; **see also Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) *(en banc)* ("We agree with the panel in **Stansbury** and reaffirm its holding that we may overlook the requirements of **Walker** where [] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights."). In **Larkin**, an *en banc* panel of this Court favorably cited our prior decision in **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007), where we observed that the "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [an appellant] of his post-sentence and appellate rights or misadvised him." **Larkin**, 235 A.3d at 354, *citing* **Patterson**, 940 A.2d at 498. In this case, the PCRA court did not advise Appellant of the need to file separate notices of appeal, either at the evidentiary hearing when it first declared its intent to dismiss the petition or in its formal written order filed on August 17,

2018. As such, we are persuaded that a breakdown in the court system permits us to excuse Appellant's failure to comply with **Walker**.

Turning to the merits of Appellant's claims, our review of his brief confirms that the only issues developed therein assert that PCRA counsel's failure to address the facts and circumstances surrounding trial counsel's use of an entrapment defense effectively denied Appellant the benefit of counsel on his first petition for collateral relief. More specifically, Appellant cites the following factors in support of his request for remand and the reinstatement of his right to file a first PCRA petition:

> PCRA counsel failed, by her own admission, to review the case fully with Appellant prior to the PCRA hearing. PCRA counsel failed to amend [Appellant's] *pro se* PCRA petition. PCRA counsel also failed to adequately address the issues that had been raised in [Appellant's] *pro se* PCRA petition at [Appellant's] PCRA hearing.

Appellant's Brief at 18 (superfluous capitalization omitted).

We are unable to undertake appellate review of these claims because they were not properly raised and preserved before the PCRA court. There is no precedent (and Appellant cites none) for awarding collateral relief on appeal where an issue such as PCRA counsel's effectiveness has not been first developed and addressed before the PCRA court. **See Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (thoroughly reviewing treatment history of appellate claims challenging competence of PCRA counsel and concluding that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal"); **see also Commonwealth v. Ford**, 44

A.3d 1190 (Pa. Super. 2012) (collecting cases). Here, no petition alleging PCRA counsel's ineffectiveness was filed before the PCRA court, no record was developed on this issue, and we have no PCRA court findings of fact and conclusions of law to consider.[4] Moreover, under these circumstances, Appellant's request for appellate reinstatement of his right to file an initial PCRA petition (for which he would enjoy a rule-based right to counsel) itself implicates the jurisdictional constraints of the PCRA. *Cf. Commonwealth v. Ligons*, 971 A.2d 1125, 1159 (Pa. 2009) (plurality) (observing that appellate review of claims alleging PCRA counsel's ineffectiveness not presented to PCRA court overlooks "the PCRA's express jurisdictional and serial petition limitations"). Again, we do not have the benefit of advocacy and a developed trial court record with respect to such issues. While we are aware of the difficult position into which current counsel was placed when he became attached to Appellant's collateral relief challenge at such a late stage,[5] we are constrained to deny relief.

_____

[4] Attorney Lang attached a motion for remand to the concise statement he filed with the PCRA court on April 1, 2020. That motion included several references to statements Attorney Mills placed on the record at Appellant's PCRA hearing. In its opinion, however, the PCRA court repeatedly stated that the motion for remand failed to specify the basis for Appellant's claims of ineffectiveness against Attorney Mills or how any alleged ineffectiveness prejudiced Appellant. *See* PCRA Court Opinion, 4/27/20, at 9-10.

[5] Recall that current counsel entered his appearance on behalf of Appellant after the court conducted the PCRA hearing and, indeed, after the operative notice of appeal was filed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/15/2021