J-A28014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES HOWARD FOWLER | : | |
| | : | |
| Appellant | : | No. 557 WDA 2019 |

Appeal from the PCRA Order Entered August 17, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000458-2015

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                           **FILED: July 8, 2022**

In this appeal, James Howard Fowler (Appellant) challenges an August 17, 2018 order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The case returns to us after our Supreme Court vacated our original order of March 15, 2021, and remanded this matter for reconsideration in light of ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).  Upon review, we vacate the August 17, 2018 order that dismissed Appellant's petition for collateral relief and remand this matter to the PCRA court for further proceedings.

The facts and procedural history of this case, which we set forth in a prior memorandum, are not in dispute.

> In the spring of 2015, Appellant made two separate cocaine sales to Michelle King ("King"), then acting as a confidential informant for the McKean County Drug Task Force.  A body camera hidden on King recorded the second cocaine sale. Minutes after the second sale was complete, members of the

McKean County Drug Task Force pulled over the vehicle that Appellant and King were traveling in, and arrested Appellant. Officers recovered the pre-recorded buy money from Appellant's person. During a subsequent search of Appellant's residence, officers found, among other items, a scale, baggies, a ledger of prior drug transactions, and over 100 grams of cocaine.

Appellant was [subsequently] charged with four counts of possession with the intent to deliver [(PWID)], five counts of possession of a controlled substance, two counts of criminal use of a communication facility, and two counts of conspiracy to commit [PWID. The charges were docketed at trial court docket numbers CP-42-CR-458-2015 and CP-42-CR-459-2015.]

\*\*\*

[Ultimately,] Appellant elected to proceed to a jury trial. King testified at trial, as did various members of the McKean County Drug Task Force. The Commonwealth showed the jury a 40-minute video and audio recording of the second cocaine sale, recorded on a body camera worn by King.

At trial, Appellant admitted to selling cocaine to King on both occasions charged by the Commonwealth, and to possessing most of the drugs and other paraphernalia recovered from his residence. Rather than deny the sales, Appellant sought to portray King as a trusted friend who had betrayed him and entrapped him to avoid prosecution for her own drug offenses. Appellant introduced evidence suggesting that he was a drug addict who only possessed cocaine for personal use, and that he only sold cocaine to King on two occasions after she hounded him relentlessly.

After a two day trial, the jury convicted Appellant on all counts. The trial court sentenced Appellant to an aggregate term of [nine and one-half] to 19 years['] imprisonment.

**Commonwealth v. Fowler**, 2017 WL 2591486, at *1 (Pa. Super. June 15, 2017) (superfluous capitalization and footnotes omitted). This Court affirmed Appellant's judgment of sentence on June 15, 2017. **Id.** Appellant did not seek further review.

On January 26, 2018, Appellant filed a timely *pro se* PCRA petition. In his petition, Appellant alleged that both trial and appellate

counsel provided ineffective assistance. On May 3, 2018, the PCRA court entered an order scheduling an evidentiary hearing and appointed Erika Mills, Esquire (Attorney Mills) to represent Appellant. On July 24, 2018, the day of the scheduled evidentiary hearing, Attorney Mills requested a continuance and leave to file an amended PCRA petition on Appellant's behalf. Attorney Mills provided the following explanation for her request:

… I [have] had a grand total of 20 minutes to sit down with [Appellant] face-to-face and go over documents pertaining to his case. There [is] a lot more to this [case] than could adequately be addressed . . . within the 20 minutes that we had face-to-face. I did have one telephone conference with [Appellant] through the State Correctional Institution, getting that set up through the State Correctional Institution [was] not [] easy but I was able to make contact with [Appellant] at one point and time. I have reviewed his – his [p]etition. In order to fully develop . . . these claims and to develop this case I am again . . . requesting this continuance and I [am] asking the [c]ourt to reconsider what it [] indicated at the outset of these proceedings as its ruling. I do [not] feel that . . . I [am] ready to proceed, I know my client definitely does [not] feel I [am] ready to proceed and . . . it [is] our position . . . that if this matter goes forward today given the lack of [] time [for] preparation that he and I have had together it may amount to a further assertion of ineffective assistance against [myself.]

N.T. Evidentiary Hearing, 7/24/18, at 6-7. The PCRA court denied Attorney Mills' request for a continuance. *Id*. at 5; *see also* PCRA Court Order, 8/1/18, at 1. The PCRA court, however, stated that it would schedule additional proceedings if requested by either party. N.T. Evidentiary Hearing, 7/24/18, at 5. Accordingly, the evidentiary hearing commenced and both Appellant's trial and appellate counsel testified. *Id*. at 25-80. At the conclusion of the hearing, the PCRA court stated that Appellant's claims did not provide "any basis for PCRA relief" and, as such, indicated on the record that it intended to deny the petition. *Id*. at 86.

Before the PCRA court entered a formal, written order dismissing the PCRA petition, Appellant filed a *pro se* notice of appeal, a *pro se* motion to proceed *in forma pauperis*, and a *pro se* motion for production of the transcript of the evidentiary hearing. The aforementioned filings were received on August 8, 2018 by the

clerk of courts, who time and date stamped all of the *pro se* submissions. In addition, the clerk notated the docket to reflect the date upon which it received Appellant's *pro se* motion to proceed *in forma pauperis* and his motion for production of the hearing transcript. The clerk did not, however, notate the docket to reflect the receipt of Appellant's *pro se* notice of appeal. Additionally, there is no indication that the clerk forwarded any of the aforementioned filings to Attorney Mills, as required by Pa.R.Crim.P. 576(A)(4) (explaining that the clerk of courts must time-stamp, make a docket entry, and then forward all *pro se* filings by a represented defendant to his or her counsel).

Thereafter, on August 17, 2018, the PCRA court filed a written order formally dismissing Appellant's PCRA petition. PCRA Court Order, 8/17/18, at 1. Attorney Mills did not file an appeal from the PCRA court's dismissal order. [O]n October 12, 2018, Appellant wrote a letter to the clerk inquiring about the status of his appeal. On November 5, 2018, the PCRA court issued an order explaining, *inter alia*, that "no appeal [from] the court's order denying [Appellant's] PCRA [petition was] filed." PCRA Court Order, 11/5/18, at 1. As such, on January 8, 2019, Appellant filed a *pro se* motion seeking reinstatement of his PCRA appellate rights *nunc pro tunc*. On February 8, 2019, the PCRA court issued an opinion in which it explained the apparent breakdown regarding Appellant's *pro se* notice of appeal. Specifically, the court explained that the clerk received Appellant's notice of appeal on August 8, 2018 but, because Appellant "was represented by counsel and had not been granted *in forma pauperis* status and the fee for filing the appeal had not been paid, the [c]lerk did not docket the appeal." PCRA Court Opinion and Order, 2/8/19, at *1 (un-paginated). In addition, the court stated:

> [Appellant] clearly wanted to perfect an appeal of the court's denial of his PCRA [p]etition. His counsel, [Attorney Mills,] could have perfected [Appellant's *pro se* appeal] even if [Appellant indicated] that he intended to represent himself regarding the appeal. ***See***[] ***Commonwealth v. Champney***, 783 A.2d. 837 (Pa. Super. 2007); ***Commonwealth v. Khalil***, 806 A.2d 415, 418 (Pa. Super. 2002). In addition, [Appellant's notice of] appeal that was sent to the [c]lerk should have been docketed of record even though [Appellant] had not yet been granted *in forma pauperis* status. ***See*** Pa.R.A.P.[] 902.

- 4 -

[PCRA Court Opinion and Order, 2/8/19], at *2-*3 (un-paginated). Based upon the "breakdown in communication between [Appellant] and Attorney Mills," the PCRA court appointed "Christopher Martini, Esquire [(Attorney Martini)] . . . to represent [Appellant's] interests." *Id*. at *3 (un-paginated).

On March 15, 2019, Attorney Martini filed a motion requesting clarification of the PCRA court's February 8, 2019 opinion and order. In the motion, Attorney Martini asked the court to enter an order explicitly reinstating Appellant's PCRA appellate rights *nunc pro tunc*. The PCRA court entered an order on March 18, 2019, reinstating Appellant's PCRA appellate rights *nunc pro tunc* and directed Appellant to file "a notice of appeal on or before April 14, 2019." PCRA Court Order, 3/18/19, at 1.

Appellant, through counsel, filed a notice of appeal to this Court on April 12, 2019. On May 17, 2019, the PCRA [court] entered an order directing Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant failed to do so. Instead, on July 17, 2019, Appellant's counsel filed a motion requesting an extension of time to file a Rule 1925(b) statement. The PCRA court granted the motion and directed Appellant to file a concise statement on or before August 14, 2019. On August 13, 2019, however, Attorney Martini informed the court that, in lieu of a Rule 1925(b) statement, he intended to file a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] ***See*** Pa.R.A.P. 1925(c)(4). Thereafter, Attorney Martini filed a motion to withdraw as counsel, which the PCRA court granted on November 15, 2019. The PCRA court then appointed [] Daniel C. Lang, Esquire (Attorney Lang), to represent Appellant on appeal.

On January 15, 2020, this Court entered an order remanding the matter to the PCRA court because Appellant's counsel failed to file a brief, despite being ordered to do so. Order, 1/15/20, at 1. The order also directed the PCRA court to notify this Court, within 30

---

[1] It is well settled that "[c]ounsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (parallel citations omitted).

days, of all findings and actions taken. *Id.* at 1. On January 21, 2020, the PCRA court explained that all notices regarding Appellant's appeal were sent to Attorney Martini, not Attorney Lang, and, as such, Attorney Lang failed to file an appellate brief on Appellant's behalf because "he did not receive notice of the briefing schedule, etc." PCRA Court's Opinion and Order, 1/21/20, at *1 (un-paginated). Accordingly, the PCRA court entered an order directing Attorney Lang to take the necessary action with this Court. *Id.* at *2 (un-paginated).

On March 6, 2020, Attorney Lang filed a motion for remand. In his motion, Attorney Lang asked this Court to vacate the PCRA court's order dismissing Appellant's PCRA petition, grant Attorney Lang 45 days to file an amended PCRA petition on Appellant's behalf, and direct the PCRA court to conduct another evidentiary hearing in light of Attorney Mills' deficient representation during the July 24, 2018 hearing. In addition, Attorney Lang requested leave to file a concise statement because Attorney Martini filed a notice of his intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4) rather than a Rule 1925(b) concise statement. On March 19, 2020, this Court entered an order denying the remand request for a new evidentiary hearing but granted Attorney Lang leave to file a Rule 1925(b) statement. Attorney Lang filed a concise statement on Appellant's behalf on April 1, 2020, and the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 27, 2020.

*Commonwealth v. Fowler*, 2021 WL 963687, *1-3 (Pa. Super. 2021) (unpublished memorandum) (footnotes in original), *vacated and remanded*, 270 A.3d 427 (Pa. 2021) (summary disposition by *per curiam* order). In his original brief to this Court, Appellant claimed that the PCRA court erred or abused its discretion in dismissing his petition because the ineffective assistance of PCRA counsel effectively denied him his right to representation. *See* Appellant's Brief at 2.

After addressing certain preliminary matters concerning the timeliness and validity of Appellant's *pro se* notice of appeal, our original memorandum turned to the merits of Appellant's claims, wherein he argued that PCRA counsel's failure to address the facts and circumstances surrounding trial counsel's use of an entrapment defense effectively denied Appellant the benefit of counsel on his first petition for collateral relief.[2] Citing precedent issued by this Court, we concluded that we were unable to undertake appellate review of Appellant's claims because they were not properly raised and preserved before the PCRA court. **See Fowler**, 2021 WL 963687, at *7 (noting, "There is no precedent (and Appellant cites none) for awarding collateral relief on appeal where an issue such as PCRA counsel's effectiveness has not been first developed and addressed before the PCRA court."). We also noted the absence of a developed record on the issues raised on appeal. **See id.** ("Here, no petition alleging PCRA counsel's ineffectiveness was filed before

_____

[2] Specifically, Appellant relied upon the following factors in support of his request for remand and the reinstatement of his right to file an amended PCRA petition:

> PCRA counsel failed, by her own admission, to review the case fully with Appellant prior to the PCRA hearing. PCRA counsel failed to amend [Appellant's] *pro se* PCRA petition. PCRA counsel also failed to adequately address the issues that had been raised in [Appellant's] *pro se* PCRA petition at [Appellant's] PCRA hearing.

Appellant's Brief at 18 (superfluous capitalization omitted).

the PCRA court, no record was developed on this issue, and we have no PCRA court findings of fact and conclusions of law to consider."). For these reasons, we believed ourselves constrained to deny relief and affirmed the PCRA court's dismissal order on March 15, 2021.

On April 14, 2021, Appellant filed a petition for allowance of appeal with our Supreme Court. By order entered on December 28, 2021, the Supreme Court granted Appellant's petition for allowance of appeal, vacated our order of March 21, 2021, and remanded this matter for reconsideration in light of *Bradley, supra*. On February 1, 2022, we directed the parties to submit new briefs addressing the applicability of *Bradley* in the instant case. Both parties have responded.

In *Bradley*, the Supreme Court held that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even in the context of collateral appeal. *See Bradley*, 261 A.3d at 401. *Bradley* rejected the argument that raising ineffectiveness claims on collateral appeal constitutes a serial petition or violates the PCRA's one-year time bar. *See id* at 404. Regarding the propriety of remand, *Bradley* offered the following guidance:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. [*Commonwealth v. Holmes*, 79 A.3d 562, 577 (Pa. 2013)]. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such

- 8 -

claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," [*Commonwealth v. Hall*, 872 A.2d at 1177, 1182 (Pa. 2005)]; however, where there are "material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded," [*Commonwealth v. Grant*, 813 A.2d 726, 740 n.2 (Pa. 2002) (Saylor, J., concurring)].

*Bradley*, 261 A.3d at 402 (footnote omitted).

We have carefully reviewed the certified record before us, the submissions of the parties, and the developments of the issues raised on appeal within the procedural posture of this case. We are satisfied that Appellant raised the ineffectiveness of PCRA counsel at the first opportunity to do so within the contemplation of *Bradley*, that relief on claims challenging the stewardship of PCRA counsel is not plainly unavailable as a matter of law, and that this issue would benefit from further factual development before the PCRA court. Accordingly, we vacate the August 17, 2018 order dismissing Appellant's petition and we remand this case for further proceedings consistent with *Bradley* and this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/08/2022